# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 22, 2024

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| WILLA K. LAU, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 19-1956V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Influenza ("Flu") |
| AND HUMAN SERVICES, | * | Vaccination; Guillain-Barre Syndrome |
| | * | ("GBS"); Facial Paralysis. |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.
Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On December 26, 2019, Willa K. Lau ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2]  Petitioner alleged that due to an influenza ("flu") vaccine administered on October 29, 2018, she developed Guillain-Barré syndrome ("GBS").  Petition at Preamble (ECF No. 1).  On March 22, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Mar. 22, 2024 (ECF No. 91).

On July 22, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

with the proffered award.  Proffer at 2.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $62,722.56 in the form of a check payable to Petitioner.**

Proffer at 2.  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).  Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WILLA K. LAU, | |
| Petitioner, | No. 19-1956V |
| v. | Special Master Dorsey |
| | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## PROFFER ON AWARD OF COMPENSATION

On April 10, 2023, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she has established entitlement to compensation for Guillain-Barre Syndrome ("GBS") caused by an influenza ("flu") shot she received on October 29, 2018.  ECF No. 85. Respondent filed his Response to Petitioner's Motion on June 9, 2023, recommending that entitlement to compensation be denied.  ECF No. 89.  On March 22, 2024, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1]  ECF No. 91.

### I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $62,722.56, which represents all elements of compensation to which petitioner would be entitled

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 22, 2024 entitlement decision.

under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $62,722.56, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ Michael J. Lang
MICHAEL J. LANG
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 880-0239
Email: Michael.Lang3@usdoj.gov

Dated:  July 22, 2024

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.